UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOUR IN ONE COMPANY, INC, on behalf of itself and all others similarly situated, | No. 2:08-cv-03017-MCE-EFB |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| SK FOODS, L.P., INGOMAR PACKING COMPANY, LOS GATOS TOMATO PRODUCTS, RANDALL RAHAL, INTRAMARK USA, INCORPORATED, | |
| Defendants. | |

_____

| | |
|---|---|
| BRUCE FOODS CORPORATION, on behalf of itself and all others similarly situated, | No. 2:09-cv-00027-MCE-EFB |
| Plaintiff, | |
| v. | |
| SK FOODS, LP; INGOMAR PACKING COMPANY, LLC, LOS GATOS TOMATO PRODUCTS, INTRAMARK USA, INC. AND RANDALL LEE RAHAL, | |
| Defendants. | |

_____

///

///

1

DIVERSIFIED FOODS AND                    No. 2:08-cv-03074-MCE-EFB
SEASONINGS, individually
and on behalf of all
others similarly situated,

       Plaintiff,

    v.

SK FOODS L.P., INTRAMARK USA,
INC., and RANDALL LEE RAHAL,

       Defendants.
_____

CLIFFSTAR CORPORATION, on                No. 2:09-cv-00442-MCE-EFB
behalf of itself and all
others similarly situated,

       Plaintiff,

    v.

SK FOODS, LP, INGOMAR PACKING
COMPANY, LLC, LOS GATOS TOMATO
PRODUCTS, INTRAMARK USA, INC.,
and RANDALL LEE RAHAL,

       Defendants.

----oo0oo----

These are related class action complaints instituted on behalf of four different purchasers of processed tomato products who allege that defendants improperly engaged in price-fixing and other anti-competitive conduct in violation of antitrust laws. Counsel for Plaintiffs Four In One Company ("Four in One") and Bruce Foods Corporation ("Bruce Foods") filed a Motion for Appointment of Interim Counsel and Liaison Counsel, under Federal Rule of Civil Procedure Rule 23(g),[1] on or about February 10, 2009.

_____

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

The third Plaintiff, Cliffstar Corporation ("Cliffstar"), subsequently filed its Complaint on February 13, 2009, and thereafter joined in the Four In One/Bruce Foods Motion. The remaining Plaintiff, Diversified Foods and Seasonings, Inc. ("Diversified Foods"), opposes the Four In One/Bruce Foods Motion and has filed their own Motion for Appointment of Counsel.

As indicated above, this Court has already determined that the cases are related in the sense that they involve similar questions of fact and of law stemming from the Defendants' alleged anti-competitive conduct in allegedly manipulating the market for processed tomato products. Additionally, by Order dated March 9, 2009, the cases were also consolidated for pre-trial purposes.

**STANDARD**

Pursuant to Rule 23(g)(3), the Court may designate interim class counsel to represents the interests of the alleged class in initial proceedings, even before determining whether to certify the class as a whole. As the Manual for Complex Litigation recognizes, where a number of overlapping, duplicative or competing suits are present, a number of lawyers may compete for class counsel appointment. See Manual for Complex Litiigation, Fourth, § 21.11, at 246 (Federal Judicial Center 2004) (hereinafter "Manual"). The Manual states:

> "In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement."

1  _Id_. Courts have held that the same standards applicable to

2  choosing class counsel at the time of class certification apply

3  in choosing interim class counsel. _See_ _In re Air Cargo Shipping_

4  _Services Antitrust Litigation_, 240 F.R.D. 56, 57 (E.D.N.Y. 2006)

5  ("Although neither the federal rules nor the advisory committee

6  notes expressly so state, it appears to be generally accepted

7  that the considerations set out in [Fed. R. Civ. P. 23(g)(1)(A)

8  and (B)], which governs appointment of class counsel once a class

9  is certified, apply equally to the designation of class counsel

10 before certification.").

11

12                              **ANALYSIS**

13

14     Rule 23(g) provides the following guidelines for the

15 appointment of class counsel:

16     "In appointing class counsel, the court:

17     (A) must consider:

18          (i)    the work counsel has done in identifying or
                   investigating potential claims in the
19                 action;

20          (ii)   counsel's experience in handling class
                   actions, other complex litigation, and the
21                 types of claims asserted in the action;

22          (iii)  counsel's knowledge of the applicable law;
                   and
23
            (iv)   the resources that counsel will commit to
24                 representing the class;

25     (B)  may consider any other matter pertinent to
                counsel's ability to fairly and adequately
26              represent the interests of the class;

27 ///

28 ///

                                4

(C) may order potential class counsel to provide
            information on any subject pertinent to the
            appointment and to propose terms for attorney's
            fees and nontaxable costs;

        (D) may include in the appointing order provisions
            about the award of attorney's or nontaxable costs
            under Rule 23(h); and

        (E) may make further orders in connection with the
            appointment.

    The most common means of selecting class counsel is the so-called "private ordering" approach, whereby involved counsel jointly come to a representational consensus and submit their recommendation in that regard to the court for approval.  See Manual, § 21.272 ("The lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests.").  Efforts of plaintiffs' counsel to coordinate activities between themselves should be encouraged.  Id. at § 10.22.

    Here, no such uniform consensus arose as a result of discussion between counsel.  An organizational meeting on February 2, 2009 did apparently secure agreement between counsel for Four In One, Bruce Foods and Cliffstar, in which one firm from each lawsuit would serve as proposed co-lead counsel,[2] with an additional firm associated with the Four in One case, Bernstein Liebhard, LLP, rounding out the fourth proposed member of the lead counsel team.

_____

     [2] In addition to being sole Plaintiff's counsel in the Cliffstar case, however, the firm of Pearson Simon Warshaw & Penny LLP ("Pearson Simon") is also included with the eight firms representing Bruce Foods as a Plaintiff in the Bruce Foods litigation.

The attorneys representing Diversified Foods, however, did not join in that agreement, and claim that the alleged consensus was reached at a point during the meeting where Diversified's counsel had to leave to participate in a lengthy conference call in another case. Diversified Foods consequently urges the Court to not adopt the agreement between counsel for the other three groups of Plaintiffs, and instead advocates the appointment of two lead counsel, one from the consortium of attorneys representing Four in One, Bruce Foods and Cliffstar, and the other from the two counsel representing Diversified Foods in their case. Diversified Foods also proposes the Mennemeier, Glassman & Stroud, LLP firm ("Mennemeier") for liaison counsel, as opposed to the consensus reached in favor of Damrell Nelson Schrimp Pallios Pacher & Silva ("Damrell Nelson") by the attorneys representing the Plaintiffs in the other three lawsuits.

In the absence of agreement between all involved counsel, the Court must itself endeavor to select counsel best able to represent the interests of the purported class. See Fed R. Civ P. 23(g)(2).[3] Each law firm proposed as either co-lead or liaison counsel appears eminently well qualified to provide such representation. Each has experience as lead counsel in significant nationwide class actions, experience that would afford a suitable case management structure for this litigation. Moreover, the appointment of liaison counsel would help ensure efficient and effective communications with the Court.

---

[3] Even had a uniform consensus as to representation has been reached in the present case, the Court must still have reviewed the agreement to ensure that the proposed representation adequately served class interests. See Manual, § 21.272.

The Court nonetheless believes that the appointment of more than two co-lead counsel, and anything other than a single liaison counsel, would engender duplication of effort not in the best interest of either a focused or efficient class representation. Consequently, while the Court recognizes that other courts have appointed four or more co-lead counsel in other antitrust class action cases, it declines to do so here. The Court therefore faces the unenviable task of selecting class counsel from a preeminent group of proposed firms.

Applying the standards enunciated by Rule 23(g), the Court believes that the firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP ("Quinn Emanuel") has both far-reaching experience and expertise, as well as the trial experience necessary to litigate a case of this potential magnitude. Quinn Emanuel points to a 91.6 percentage of victory in some 1250 cases tried, as well as some $10 billion in judgments and settlements reached in representing plaintiffs. Significantly, too, the firm, and in particular Stephen Neuwirth, one of the attorneys proposed as a member of its representational team for this litigation, currently serves as co-lead interim counsel for direct purchase plaintiffs in both In re Rail Fuel Surcharge Antitrust Litigation (MDL 1869 (D.D.C.) (which involves purported anticompetitive conduct in connection with fuel surcharges assessed by the nation's four largest railroads) and Universal Delaware Inc., et al. v. Comdata Corp., Civ. No. 07 1078 (JKG (HSP (E.D. Pa.), an action alleging antitrust violations in the market for credit cards utilized by truck fleets at truck stops.
///

Quinn Emanuel's combination of significant trial experience, experience in representing class action plaintiffs in analogous antitrust litigation, and its nationwide resources make it stand out in this Court's estimation after application of the Rule 23(g) factors enumerated above.  Similarly, the Hausfeld LLP firm appears to also possess the breadth of experience, resources and talent necessary to navigate a case of this import.  Michael Hausfeld, who is being proposed to lead the team on behalf of Hausfeld LLP, has been described by Chief Judge Edward Korman of the Eastern District of New York as one of the two "leading class action lawyers in the United States."   The New York Times has referred to Mr. Hausfeld as one of the "most prominent antitrust lawyers" in the country.  Even more significantly, Hausfeld LLP is currently serving as co-lead counsel in some 17 major national antitrust class action cases.

Although there is no question that the other firms proposed as co-lead counsel are also well qualified, in the Court's estimation both Quinn Emanuel and Hausfeld LLP stand out from the rest with regard to qualifications particularly applicable to this case.  That assessment, as well as the Court's view that the appointment of more than two co-leads would be counterproductive, causes it to appoint Quinn Emanuel and Hausfeld LLP as co-lead interim counsel to represent Plaintiffs in this consolidated litigation.

With respect to liaison counsel, the Damrell Nelson firm, aside from offering substantial experience within the Eastern District, also has considerable experience in the management of major class actions in federal court.

It has served as co-lead counsel in at least three such cases in California district courts, and is currently involved in five antitrust class actions at varying stages of litigation.

In selecting Quinn Emanuel and Hausfeld LLP as co-lead interim counsel and Damrell Nelson as liaison counsel, the Court also notes that those firms were approved by the majority of counsel involved in three of the related cases– a total of eight different firms listed as counsel on the Bruce Foods Complaint, four firms for Four in One, as reflected by the Complaint in that case, and another firm representing Cliffstar.  That reflects a stronger overall consensus on representation than the proposal advocated on behalf of Diversified Foods and Seasonings, and its three listed counsel.  While not dispositive, the stronger consensus in favor of the representational structure proposed on behalf of Bruce Foods/Four in One/Cliffstar, as opposed to the single dissenting voice of Diversified Foods, also figures into the Court's decision in appointing counsel.

///
///
///
///
///
///
///
///
///
///
///

**CONCLUSION**

For all of the foregoing reasons, the Motion for Appointment of Interim Counsel brought on behalf of Four in One and Bruce Foods (and later joined by Cliffstar) is GRANTED in part inasmuch as Quinn Emanuel and Hausfeld LLP are hereby appointed as co-lead interim counsel in this consolidated litigation, and Damrell Nelson is appointed liaison counsel.

The Court, however, denies said Motion to the extent it also seeks appointment of two additional firms, Pearson Simon and Bernstein Liebhard, as additional co-lead counsel. Plaintiff Diversified Foods' concurrent Motion for Appointment of Counsel is DENIED.[4]

IT IS SO ORDERED.

Dated: March 19, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Local Rule 78-230(h).