UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Four In One Company, Inc., et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>SK Foods, L.P., et al.<br><br>　　　　　　　　Defendants. | No. 2:08-cv-3017 KJM JDP<br><br>ORDER |
| Diversified Foods and Seasoning, Inc., et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>SK Foods, L.P., et al.<br><br>　　　　　　　　Defendants. | No. 2:08-cv-03074- KJM-JDP |
| Bruce Foods Corporation., et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>SK Foods, L.P., et al.<br><br>　　　　　　　　Defendants | No. 2:09-cv-00027-KJM-JDP |

1

| | |
|---|---|
| Cliffstar Corporation., et al., | No. 2:09-cv-00442 KJM JDP |
| Plaintiffs, | |
| v. | |
| SK Foods, L.P., et al. | |
| Defendants | |

Plaintiffs Four in One Company, Inc., Bruce Foods Corporation, Cliffstar Corporation and Diversified Foods & Seasonings, Inc. are food product manufacturers that purchased processed tomato products from defendants, SK Foods L.P., Ingomar Packing Company, Los Gatos Tomato Products, Scott Salyer, Stuart Woolf and Greg Pruett. Consolidated Compl. ¶¶ 1–2, 9–12, ECF No. 113. Plaintiffs move for *cy pres* distribution of the remaining class funds, $8,766.85, to the Institute for Consumer Antitrust Studies at Loyola University Chicago School of Law (ICAS/Loyola) and dismissal of the action. Mem. In Support of *Cy Pres* Disbursement (Mem.), ECF No. 136. Defendants did not file an opposition, and the court submitted the matter without a hearing. For the following reasons, the motion **is granted.**

I.     BACKGROUND

In 2009, another judge of this court issued an order consolidating the four above captioned cases. Consolidation Order (March 12, 2009), ECF No. 88. Plaintiffs then filed a consolidated complaint alleging defendants violated federal antitrust laws by conspiring to raise and fix the prices of a variety of processed tomato products. Consolidated Compl. ¶¶ 1–2. In January 2014, the court granted provisional certification of the settlement class and preliminarily approved class settlement. *See* Order (Jan. 2, 2014) at 1, ECF No. 222. Eight months later, the court granted plaintiffs' motion for final approval of the class settlement as to defendants Ingomar, Pruett, Woolf and Los Gatos. Order (Aug. 18, 2014), ECF No. 239. The class has received all funds from those settlements and the court entered final judgement against them. *Id.*

/////

The actions against SK Foods, L.P. and Scott Salyer remained pending due to an ongoing bankruptcy action in the United States Bankruptcy Court for the Eastern District of California. Mem. at 2–3; *see also* Not. of Filing Bankruptcy, ECF No. 102.  On November 20, 2020 the Chapter 11 Trustee for SK Foods filed a motion for approval of a distribution of unclaimed funds after the final distribution and entry of a final decree and closure of the bankruptcy case, which the Bankruptcy Court granted on December 30, 2020.  Atty. Arthur N. Bailey, Jr. Decl. ¶ 5, ECF No. 314.  Before closure of the bankruptcy case, in April 2015, class members began to receive pro rata shares from the distribution of these defendants' funds culminating recently with the final distribution in January 2021. *Id.* ¶ 6.  Even more recently, plaintiffs were advised that $8,766.85 in uncashed checks remained in the class funds account. *Id.* ¶ 7.

Plaintiffs now move to resolve the pending claims against remaining defendants SK Foods, L. P, and Scott Salyer given the completion of the distribution of the class funds and termination of the bankruptcy action.  Mem. at 3.  Plaintiffs move to disburse the remaining funds to their proposed *cy pres* designee, ICAS.  Mem. at 3–4.  Additionally, plaintiffs move to dismiss the actions against remaining defendants, SK Foods, L.P. and Scott Salyer.  Mem. at 1. Defendants do not oppose the motions.

## II.   LEGAL STANDARD

When a class action settlement results in unclaimed funds, the alternatives available are *cy pres* distribution, escheat to the government, or reversion to the defendants or the identified class members. *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F2d 1301, 1307 n.4 (9th Cir. 1990) (also noting a fourth option is the pro rata distribution of the funds to located class members). "*Cy pres* provides a mechanism for distributing unclaimed funds to the next best class of beneficiaries." *In re Easysaver Rewards Litig.,* 906 F.3d 747, 760 (9th Cir. 2018) (internal citations omitted).  Where, as here, the original settlement did not provide for the *cy pres* designee, nothing appears to prevent the plaintiffs moving for such a designee in a separate motion.

"Not just any worthy" recipient will qualify, however. *Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012).  There must be a "driving nexus between the plaintiff class and the *cy*

3

1  *pres* beneficiary." *Id.*   The *cy pres* distribution must "(1) address the objectives of the underlying
2  statutes, (2) target the plaintiff class, or (3) provide reasonable certainty that any member will be
3  benefitted." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1040 (9th Cir. 2011).

4  **III.   ANALYSIS**

5        The court finds that ICAS/Loyola's advocacy efforts align with the nature of the
6  plaintiffs' lawsuit and the consumer protection objectives of the Sherman Act, 15 U.S.C. § 1.
7  Plaintiffs alleged defendants violated Section 1 of the Sherman Act by conspiring "to fix prices,
8  allocate customers, and rig bids for Processed Tomato Products, including tomato paste and diced
9  tomatoes." Consolidated Compl. ¶ 87; *see* 15 U.S.C. § 1 ("Every contract, combination in the
10 form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several
11 States, or with foreign nations, is declared to be illegal."). Plaintiffs propose ICAS/Loyola as *cy*
12 *pres* designee "because of its work on behalf of consumers in the area of antitrust law to protect
13 the rights of individuals from the types of predatory behavior underlying the lawsuit." Mem. at 4.
14 ICAS/Loyola is a "non-sectarian charitable organization" and "non-partisan, independent
15 academic center that advocates for a more just, competitive, and consumer-friendly economy."
16 Bailey Decl. ¶¶ 9–10.

17       Silent class members' interests will reasonably be benefitted by the distribution to
18 ICAS/Loyola. Plaintiffs argue that ICAS/Loyola reflects the interests of the silent class members
19 because "it has a nationwide reach sufficient to justify receipt of the *cy pres* award." Mem. at 5.
20 The court agrees. ICAS/Loyola works on behalf of people such as the "[c]lass members in this
21 case, who were consumers of commodities that were the subject of price-fixing agreements
22 subject to antitrust liability." Bailey Decl. ¶ 9. University programs may be appropriate
23 designees when the focus of the program aligns with the interests of a nationwide class. *See In re*
24 *Easysaver Rewards Litigation*, 906 F.3d at 761–62 (a university program focused on internet
25 security and data privacy was an appropriate *cy pres* designee because its research would have
26 far-reaching impact for a nationwide class injured by the mishandling of personal information).
27 Likewise, ICAS/Loyola's research on creating a more just economy will benefit the silent,
28 /////

nationwide class impacted by alleged price fixing. Therefore, the organization is an appropriate *cy pres* designee due to the nexus between the class interests and the designee's interest.

Plaintiffs also request dismissal of the action against the remaining defendants, SK Foods, L.P. and Scott Salyer, under Federal Rule Civil Procedure 41(a)(2). Mem. at 1. Given the conclusion of the bankruptcy proceedings against these defendants, the court grants this motion.

### IV.  CONCLUSION

The **motions are granted** as follows:

(1)  The court grants the disbursement of the remaining class funds in the amount of $8,766.85 to the appropriate *cy pres* designee, the Institute for Consumer Antitrust Studies at Loyola University Chicago School of Law.

(2) The court dismisses on the merits and with prejudice the remaining causes of action against SK Foods, L.P. and Scott Salyer.

This order resolves ECF No. 313. This case is closed.

IT IS SO ORDERED.

DATED: September 30, 2021.

CHIEF UNITED STATES DISTRICT JUDGE